UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
JUN - 1 2016
CLERK. US DISTRICT COURT
NORFOLK. VA

| | |
|---|---|
| SWIMWAYS CORPORATION )<br>)<br>and )<br>)<br>KELSYUS LLC, )<br>          Plaintiffs, )<br>)<br>v. )<br>)<br>AQUA-LEISURE INDUSTRIES, INC., )<br>)<br>    Serve: )<br>    Kenneth J. Meewes, Registered Agent )<br>    525 Bodwell Street )<br>    Avon, MA 02322 )<br>)<br>          Defendant. ) | Civil Action No. 2:16cv260<br>JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs SwimWays Corporation ("SwimWays") and Kelsyus LLC ("Kelsyus"), by counsel, for their Complaint against Aqua-Leisure Industries, Inc. ("Aqua-Leisure" or "Defendant") allege as follows:

**Parties**

1. Plaintiff SwimWays is a Virginia corporation with its principal place of business at 5816 Ward Court, Virginia Beach, Virginia 23455.

2. Plaintiff Kelsyus is a Virginia limited liability company with a principal place of business at 5816 Ward Court, Virginia Beach, Virginia 23455.

3. Defendant Aqua-Leisure, upon information and belief, is a corporation organized under the laws of Massachusetts with its principal place of business at 525 Bodwell Street, Avon, Massachusetts 02322.

## Jurisdiction and Venue

4. This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 1 et seq.

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367, and 15 U.S.C. § 1121.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c) because it is a district in which Defendant is subject to personal jurisdiction.

7. This Court has personal jurisdiction over Aqua-Leisure because Aqua-Leisure has committed, directed, authorized, endorsed, and/or approved of acts of infringement in the Eastern District of Virginia, and caused tortious injury to SwimWays and Kelsyus in the Eastern District of Virginia, Norfolk Division; and Aqua-Leisure has transacted substantial business in this judicial district.

8. For example, Aqua-Leisure distributes its infringing inflatable floatation devices to, and makes them available for sale within, the Eastern District of Virginia.

## Facts Applicable to All Counts

9. SwimWays is a worldwide manufacturer of innovative and commercially successful leisure and recreational water products. The SwimWays brand has been around for over 35 years, and SwimWays continues to invest substantial resources into its product design and development to create unique, quality products which are leaders in the industry. SwimWays' products can be found in thousands of major retailers and individual pool dealers, both in the United States and abroad.

10. SwimWays' products include a line of Spring Float® inflatable flotation devices. Examples of Spring Float® products are available at SwimWays' Spring Float® website, https://www.swimways.com/spring-float-c-42.aspx.

11. Kelsyus owns all right, title, and interest in United States Patent 8,066,540 (the "'540 Patent"), which was duly and legally issued on November 29, 2011. The '540 Patent generally relates to collapsible flotation devices. SwimWays is the exclusive licensee of the '540 Patent. A true and accurate copy of the '540 Patent is attached hereto as Exhibit A.

12. Kelsyus owns all right, title, and interest in United States Patent 8,079,888 (the "'888 Patent"), which was duly and legally issued on December 20, 2011. The '888 Patent generally relates to collapsible flotation devices. SwimWays is the exclusive licensee of the '888 Patent. A true and accurate copy of the '888 Patent is attached hereto as Exhibit B.

13. Kelsyus owns all right, title, and interest in United States Patent 8,657,640 (the "'640 Patent"), which was duly and legally issued on February 25, 2014. The '640 Patent generally relates to collapsible flotation devices. SwimWays is the exclusive licensee of the '640 Patent. A true and accurate copy of the '640 patent is attached hereto as Exhibit C.

14. SwimWays has at all times marked, and continues to mark, its Spring Float® products as required by the patent marking statute, 35 U.S.C. § 287(a). For example, SwimWays' Spring Float® products and/or packaging include the word "patent" or abbreviation "pat." followed by the Internet address http://patents.swimways.com/springfloat, that lists patents applicable to the Spring Float® products. The '540 Patent, the '888 Patent, and the '640 Patent (collectively, the "Asserted Patents"), are included in SwimWays' patent marking for the Spring Float® products.

15. Aqua-Leisure manufactures, distributes, sells, offers to sell, and/or imports inflatable floatation devices throughout the United States in the stream of interstate commerce that infringe the Asserted Patents. Aqua-Leisure's' inflatable flotation devices include, for example, the Waterlife Deluxe Comfort Lounge, the Deluxe Aqua Chair, and the Dolfino Ultimate Multi-Position Recliner.

16. Aqua-Leisure's Waterlife Deluxe Comfort Lounge, shown below, is an inflatable

3

floatation device available for purchase through at least online outlets, including Amazon.



17. Aqua-Leisure's Ultimate Dream Recliner (shown below), is an inflatable floatation device available for purchase through online outlets, including Amazon. Aqua-Leisure also manufactures the Ultimate Dream Recliner for distribution to and resale at brick and mortar stores, including, for example, Sam's Club and Sears stores.

 

4

18. Aqua-Leisure's Deluxe Aqua Chair (shown below) is available for purchase through at least online outlets, including Amazon.



19. Aqua-Leisure's Dolfino Ultimate Multi-Position Recliner (shown below), is an inflatable floatation device available for purchase through online outlets, including Wal-Mart's website. Aqua-Leisure also manufactures the Dolfino Ultimate Multi-Position Recliner for distribution to and resale at brick and mortar stores, including, for example, Wal-Mart stores, including Wal-Mart stores in the Eastern District of Virginia.



## Count One
### (Breach of Contract)

20. SwimWays and Kelsyus repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

21. Aqua-Leisure is a prolific infringer of SwimWays' and Kelsyus' intellectual property. SwimWays has been forced to litigate against Aqua-Leisure to protect its intellectual property rights on numerous cases. Prior litigation between the parties includes *SwimWays Corp. v. Aqua-Leisure*, Civil Action No. 2:00-cv-293 (E.D. Va.) (asserting patent infringement), *Gray Matter Holdings, LLC et al. v. Aqua-Leisure*, Civil Action No. 2:02-cv-414 (E.D. Va.), and the three lawsuits identified below.

22. On December 12, 2008, SwimWays filed a complaint for patent infringement, trade dress infringement, and unfair competition, against Aqua-Leisure, in the U.S. District Court for the Eastern District of Virginia, Norfolk Division (the "2008 Litigation"). The 2008 Litigation was assigned case number 1:08-cv-1289.

23. SwimWays and Aqua-Leisure entered into a July 17, 2009 Settlement and Mutual Release (the "2009 Settlement Agreement") to settle the 2008 Litigation (the "2009 Settlement"). Under the 2009 Settlement, Aqua-Leisure agreed to cease making and selling certain "Lounger" inflatable flotation devices, examples of which were attached to the 2009 Settlement Agreement at Exhibit D. Under the 2009 Settlement, SwimWays agreed that Aqua-Leisure may sell certain redesigned Lounger inflatable flotation devices with comporting with the design shown in Exhibit E to the 2009 Settlement Agreement.

24. Despite the availability of the permitted design shown in Exhibit E to the 2009 Settlement Agreement, Aqua-Leisure has continued to sell Lounger inflatable flotation devices in

breach of the 2009 Settlement Agreement. For example, the Waterlife Deluxe Comfort Lounge, shown above, fails to comport with the design shown in Exhibit E to the 2009 Settlement Agreement.

25. The Waterlife Deluxe Comfort Lounge includes numerous design features not included in the permitted design shown in Exhibit E to the 2009 Settlement Agreement, and more closely resembles the prohibited designs as exemplified in Exhibit D to the 2009 Settlement Agreement.

26. Aqua-Leisure's sale of Waterlife Deluxe Comfort Lounge devices is in breach of the 2009 Settlement Agreement.

27. Because of Aqua-Leisure's proclivity to imitate SwimWays' products and infringe SwimWays' intellectual property, SwimWays filed another complaint for patent infringement against Aqua-Leisure on March 16, 2012, in the U.S. District Court for the Eastern District of Virginia, Richmond Division (the "2012 Litigation"). The 2012 Litigation was assigned case number 3:12-cv-205.

28. SwimWays filed yet another lawsuit against Aqua-Leisure on February 12, 2014, in the U.S. District Court for the Eastern District of Virginia, Norfolk Division (the "2014 Litigation"). The 2014 Litigation was assigned case number 2:14-cv-56.

29. SwimWays and Aqua-Leisure entered into an April 4, 2014 Settlement Agreement (the "2014 Settlement Agreement") to settle both the 2012 Litigation and the 2014 Litigation (the "2014 Settlement"). Under the 2014 Settlement, Aqua-Leisure agreed to cease making and selling certain "Recliner" inflatable flotation devices that were identified in the 2012 Litigation and the 2014 Litigation as infringing devices. Under the 2014 Settlement, SwimWays agreed that Aqua-Leisure may sell certain redesigned Recliner inflatable flotation devices, provided, *inter alia*, that

the redesigned Recliner devices included a non-mesh material over the backrest as shown in Exhibit A to the 2014 Settlement Agreement.

30. Despite the availability of the Recliner design permitted under the 2014 Settlement Agreement, Aqua-Leisure has continued to sell Recliner inflatable flotation devices in breach of the 2014 Settlement Agreement. For example, the Ultimate Dream Recliner, shown above, fails to include non-mesh material over the backrest as shown in Exhibit A to the 2014 Settlement Agreement. Instead, the Ultimate Dream Recliner includes a mesh material over a portion of the backrest in direct contravention of the design shown in Exhibit 2014 Settlement Agreement.

31. Aqua-Leisure's sale of Ultimate Dream Recliner devices is in breach of the 2014 Settlement Agreement.

32. SwimWays has suffered harm and damage due to Aqua-Leisure's breach of the 2009 Settlement Agreement and the 2014 Settlement Agreement. For example, SwimWays has lost sales and revenue due to Aqua-Leisure's sale of inflatable flotation devices in breach of the agreements and in violation of SwimWays' intellectual property rights.

33. Aqua-Leisure's breach has also deprived SwimWays of the bargain it negotiated under the 2009 Settlement Agreement and the 2014 Settlement Agreement.

### Count Two
### (Infringement of the '540 Patent)

34. SwimWays and Kelsyus repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

35. Aqua-Leisure has infringed and continues to infringe claims of the '540 Patent, through its manufacturing, distribution, sale, and import of inflatable flotation devices.

36. For example, the Ultimate Dream Recliner meets every element of at least claim 21 of the '540 Patent. The Ultimate Dream Recliner is configured to support a user in a seated position.

8

It has a panel with an inner portion, an outer portion and a back support portion. The panel's inner portion has first and second edges on opposite sides of the inner portion, the distance between the edges defining a width of the panel's inner portion. The panel's inner portion is substantially planar across the inner portion's width. The panel's back support portion is inflatable. The Ultimate Dream Recliner includes a buoyant member disposed about at least the inner portion of the panel, and at least a portion of the buoyant member is disposed within at least a portion of the panel's outer portion. The buoyant member has first and second portions disposed at opposite locations of the panel's inner portion and separated by the inner portion's width. The inner portion of the panel extends continuously between the buoyant member's first and second portions without an intervening buoyant member. The buoyant member's first portion is in contact with the inner portion's first edge, and the buoyant member's second portion is in contact with the inner portion's second edge. The buoyant member has an outermost width that substantially defines an outermost width of the Ultimate Dream Recliner.

37. Aqua-Leisure does not have license or authorization from Kelsyus or SwimWays to utilize the '540 Patent.

38. Upon information and belief, Aqua-Leisure's infringement of the '540 Patent has been willful, because Aqua-Leisure has known about the '540 Patent since at least as early as on or shortly after the February 12, 2014 filing of Swim Way's complaint for patent infringement against Aqua-Leisure and its trading partner, Greyland Trading Limited, Case No. 2:14-cv-56, filed in the Eastern District of Virginia. Despite its knowledge of the '540 Patent and the 2012 Litigation, Aqua-Leisure has continued to knowingly infringe the '540 Patent.

39. Despite its knowledge of the infringement, Aqua-Leisure continued to sell infringing inflatable flotation devices such as the Ultimate Dream Recliner.

40. The foregoing acts of patent infringement by Aqua-Leisure have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to SwimWays and Kelsyus, leaving SwimWays and Kelsyus with no adequate remedy at law.

### Count Three
### (Infringement of the '888 Patent)

41. SwimWays and Kelsyus repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

42. Aqua-Leisure has infringed and continues to infringe claims of the '888 Patent, through at least its manufacturing, distribution, sale, and import of the Waterlife Deluxe Comfort Lounge and Dolfino Ultimate Multi-Position Recliner inflatable flotation devices.

43. For example, the Waterlife Deluxe Comfort Lounge meets every feature of at least claim 15 of the '888 Patent. The Waterlife Deluxe Comfort Lounge has a first flexible material with an outer perimeter portion, and a second flexible material defining an inflatable chamber and an inner perimeter portion fixedly coupled to the outer perimeter portion of the first flexible material. The Waterlife Deluxe Comfort Lounge includes an inflatable pillow coupled to at least one of the first and second flexible materials, such that at least a portion of a perimeter portion of the inflatable pillow and the second flexible material define an interior region. The first flexible material is disposed within the interior region, and when inflated the device's inflatable pillow is sufficient to support a head of a user in a supine position above the user's body when disposed in water. The Waterlife Deluxe Comfort Lounge also includes a valve coupled to the second flexible material, the valve configured to communicate air to the inflatable chamber of the second flexible material.

44. As another example, the Dolfino Ultimate Multi-Position Recliner meets every feature of at least claim 1 of the '888 Patent. The Dolfino Ultimate Multi-Position Recliner has a first flexible material with an outer perimeter portion, and a second flexible material with an inner

perimeter portion and an outer perimeter portion that collectively define a sleeve. The first and second flexible materials are different materials, and the inner perimeter portion of the second flexible material is fixedly coupled to the outer perimeter portion of the first flexible material. The sleeve includes an inflatable bladder, such that the Dolfino Ultimate Multi-Position Recliner has an extended configuration when inflated for use in water and a collapsed configuration when not inflated. The inflatable bladder is a sufficient size when inflated that it maintains the Dolfino Ultimate Multi-Position Recliner in the extended configuration and support a user in a supine position on the apparatus when disposed in water. The Dolfino Ultimate Multi-Position Recliner also includes an inflatable pillow coupled to at least one of the first and second flexible materials, and the second flexible material and the inflatable pillow collectively defining an interior region including the first flexible material

45. Aqua-Leisure does not have license or authorization from Kelsyus or SwimWays to utilize the '888 Patent.

46. Upon information and belief, Aqua-Leisure's infringement of the '888 Patent has been willful, because Aqua-Leisure knew about the '888 Patent at least from SwimWays' patent marking of the Spring Float® products, and nonetheless knowingly continued to infringe the '888 Patent.

47. Despite its knowledge of the infringement, Aqua-Leisure continued to sell infringing inflatable flotation devices such as the Waterlife Deluxe Comfort Lounge and the Dolfino Ultimate Multi-Position Recliner.

48. The foregoing acts of patent infringement by Aqua-Leisure have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to SwimWays and Kelsyus, leaving SwimWays and Kelsyus with no adequate remedy at law.

## Count Four
### (Infringement of the '640 Patent)

49. SwimWays and Kelsyus repeat and reallege, as if fully set forth herein, each and every allegation contained in the foregoing paragraphs.

50. Aqua-Leisure has infringed and continues to infringe claims of the '640 Patent, through at least its manufacturing, distribution, sale, and import of Deluxe Aqua Chair inflatable flotation devices.

51. For example, the Deluxe Aqua Chair meets every feature of at least claim 1 of the '640 Patent. The Deluxe Aqua Chair has an inflatable member that defines an opening and an inner perimeter adjacent the opening. The inflatable member has a back support portion. The Deluxe Aqua Chair also has a mesh membrane with a seat portion and a back portion disposed entirely over the inflatable member's opening, at least a portion of which is water permeable, and at least a portion of the mesh membrane's back portion is disposed on a portion of the inflatable member. Together, the inflatable member and the mesh membrane are configured to support a user in a seated position such that the user is supported at least in part by the seat portion of the mesh membrane while the user is at least partially submerged in water, and at least a portion of the user's back is collectively supported by the back portion of the mesh membrane and the back support portion of the inflatable member.

52. As another example, the Ultimate Dream Recliner also meets every feature of at least claim 1 of the '640 Patent.

53. Aqua-Leisure does not have license or authorization from Kelsyus or SwimWays to utilize the '640 Patent.

54. Upon information and belief, Aqua-Leisure's infringement of the '640 Patent has been willful, because Aqua-Leisure has known about the '640 Patent at least from SwimWays'

12

patent marking of the Spring Float® products, and nonetheless continued to infringe the '640 Patent.

55. Despite its knowledge of the infringement, Aqua-Leisure continued to sell infringing inflatable flotation devices such as the Deluxe Aqua Chair and the Ultimate Dream Recliner.

56. The foregoing acts of patent infringement by Aqua-Leisure have caused, and unless enjoined by this Court, will continue to cause, immediate and irreparable injury and damage to SwimWays and Kelsyus, leaving SwimWays and Kelsyus with no adequate remedy at law.

## **Prayer For Relief**

WHEREFORE, SwimWays and Kelsyus pray:

(a) For a judgment that Aqua-Leisure is in breach of the 2009 Settlement Agreement and the 2014 Settlement Agreement;

(b) For a judgment that the '540 Patent, the '888 Patent, and the '640 Patent are valid and infringed by Aqua-Leisure;

(c) That this Court issue preliminary and permanent injunctive relief against Aqua-Leisure, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from continued acts of infringement of the '540 Patent, the '888 Patent, and the '640 Patent;

(d) An accounting of damages resulting from infringement by Aqua-Leisure of the '540 Patent, the '888 Patent, and the '640 Patent, together with prejudgment and post-judgment interest;

(e) That Aqua-Leisure's acts of infringement be deemed willful and intentional and that Aqua-Leisure be required to pay SwimWays and Kelsyus additional damages equal

to three times the actual damages awarded to SwimWays and Kelsyus pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

(f) That this be adjudged an exceptional case and that SwimWays and Kelsyus be awarded attorney fees, pursuant to at least 35 U.S.C. § 285; and

(g) That this Court award SwimWays and Kelsyus their costs incurred herein; and

(h) For such other and further relief as this Court deems just.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, SwimWays and Kelsyus demand a trial by jury on all issues so triable.

Dated: June 1, 2016

Respectfully submitted,

SWIMWAYS CORPORATION and KELSYUS LLC

By: _____
Craig L. Mytelka (VA Bar No. 31652)
WILLIAMS MULLEN, P.C.
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
cmytelka@williamsmullen.com

Joshua B. Brady (VA Bar No. 72757)
WILLIAMS MULLEN, P.C.
8300 Greensboro Drive
Suite 1100
Tysons Corner, VA 22130
Telephone: (703) 760-5200
Facsimile: (703) 748-0244
Email: jbrady@williamsmullen.com

Counsel for Plaintiffs SwimWays Corporation and Kelsyus LLC