**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

SWIMWAYS CORPORATION

and

KELSYUS LLC,

        Plaintiffs,

v.

AQUA-LEISURE INDUSTRIES, INC.,

        Defendant.

Civil Action No. 2:16-cv-260

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'**
**MOTION FOR SANCTIONS**

    Pursuant to Rules 26 and 37 of the Federal Rules of Civil Procedure and Rule 37(D) of the Local Rules of the United States District Court for the Eastern District of Virginia ("Local Rules"), Plaintiffs SwimWays Corporation and Kelsyus LLC ("Plaintiffs" or "SwimWays"), by counsel, hereby submits this Memorandum of Law in Support of Plaintiff's Motion for Sanctions.

    For the reasons set forth more fully below and pursuant to the Court's March 9, 2017 Order, Plaintiffs respectfully request that the Court grant Plaintiffs' motion, awarding the requested relief.

**I.    PROCEDURAL AND FACTUAL OVERVIEW**

    Following a telephonic hearing on March 9, 2017 related to SwimWays' second motion to compel[1] (ECF Nos. 43-44), Aqua-Leisure Industries, Inc. ("Defendant" or "Aqua-Leisure") was ordered to produce by March 16, 2017 all documents addressed in that hearing (the "Order"). (ECF

---

[1] Plaintiffs' first motion to compel was filed on January 23, 2017 (ECF Nos. 33-34), and on February 21, 2017, the Court Ordered Aqua-Leisure to provide the interrogatory responses sought by that motion. (ECF No. 42.)

No. 50.) Expressly included were documents "related to the four categories of accused products held by…custodians Terry Doyle, Michelle Hoffman, and Lorraine T[h]ourot," and "[a]ny communications, information, or documents held by [these and other identified custodians] related to the sales, channels of trade, or business development of the four categories of accused products." (*Id*.) Defendant was also ordered to produce "[a]ny additional or relevant production addressed during the hearing that is not specifically identified above." (*Id*.) SwimWays' request for its fees related to the second motion to compel was held "under advisement pending the production directed by this Order." (*Id*.)

Due to a blizzard impacting Defendant's offices, Aqua-Leisure sought and received a consent Order (the "Amended Order") providing a single day extension, requiring production by March 17, 2017. (*See* ECF No. 54.)

Throughout this litigation, Aqua-Leisure has continually refused to produce documents until threatened with a motion to compel or other deficiency notice. Now, however, Aqua-Leisure's defiance has grown bolder—as Aqua-Leisure belatedly produced thousands of documents between March 27, 2017 and March 31, 2017, amid depositions and in direct defiance of the March 17, 2017 deadline set by the Amended Order.

SwimWays' depositions of Defendant's witnesses began on March 22, 2017 and continued until March 31, 2017. During that period, Aqua-Leisure produced 4,122 documents over five productions,[2] most occurring late in the evening and just prior to the deposition of the related custodial or Rule 30(b)(6) witness. See **Exhibit A**, Five Collective Emails. For example, at 6:54 p.m. on March 23, 2017, Aqua-Leisure produced over a hundred documents related to Michelle

---

[2] In contrast, between the March 9 hearing and the March 17 deadline, Aqua-Leisure only produced a total of 1,183 documents. In fact, prior to the start of depositions, Aqua-Leisure's entire production consisted of 4,300 business documents (as opposed to publicly available prior art or catalogues).

Hoffman, who was scheduled to be deposed the next day, March 24, 2017. *See id*. Similarly, at 11:13 p.m. on March 28, 2017, Aqua-Leisure produced over 900 documents related to Rule 30(b)(6) testimony of Ken Meewes, who was deposed the following morning. *See id*. The latest production, which contained 1,515 documents, was made at 7:19 p.m. *after* the last deposition concluded on March 31, 2017. *See id*.

Of the 4,122 documents produced during that period, nearly all were covered by the Court's Order. For example, approximately 959 documents were custodial files of Terry Doyle, and at least another 500 of these documents directly related to sales, forecasts, quotes and other documents necessary for an accurate damages calculation. Included in these documents were agreements with third-party sales vendors, which were expressly addressed in the March 9 hearing, and covered by the Order. *See* **Exhibit B** Hearing Transcript at pp. 7, 32–33, March 9, 2017.

In addition to issues related to Aqua-Leisure's own production, recent events have raised serious concerns regarding third-party discovery in this case. Throughout February and March 2017, Aqua-Leisure's counsel continued to represent to Plaintiffs that they were legal counsel for, and would thereby accept service on behalf of, third-party witnesses Katrina Hartwell, Thomas E. Kenney, Robert Pierce, Peter Santaw, and Lorraine Thourot (the "Third-Party Witnesses").

On February 22, 2017, Aqua-Leisure served its Amended Initial Rule 26(a) Disclosures (the "Amended Disclosures"), which disclosed each of Third-Party Witness, except for Lorraine Thourot, and specified that each was to be contacted "c/o Mintz, Levin, Cohn, Ferris, Glovsky, Popeo, P.C." ("Mintz Levin").[3] **Exhibit C**. During several phone conversations with Plaintiffs' counsel, Aqua-Leisure's attorneys stated that they represented Lorraine Thourot as well, and would likewise accept third-party discovery on her behalf. Responding to the Amended

---

[3] Defendant's first set of Initial Disclosures previously identified Katrina Hartwell and Peter Santaw, similarly indicating that they were only to be contacted through Defense counsel.

Disclosures and seeking clarity prior to engaging in any third-party discovery, Plaintiffs' counsel advised Defense counsel that "unless we hear from you to the contrary (and in writing) by COB tomorrow (2/23/2016), we will take this to mean that Mintz Levin is representing each of these individual third-parties listed in this email and will accept service of any discovery and/or subpoenas on their behalf." *Id.* Aqua-Leisure's counsel confirmed Plaintiffs' counsel's understanding through silence.

On February 24, 2017, Plaintiffs' counsel served Aqua-Leisure's counsel with *subpoenas duces tecum* for each Third-Party Witness and notices of deposition for Third-Party Witnesses Peter Santaw and Lorraine Thourot, all of which were accepted by Aqua-Leisure's counsel without objection or hesitation. *See* **Exhibit D**. Documents sought by the *subpoenas duces tecum* were due to Plaintiffs on or before March 10, 2017. To date, no documents have been produced in response to any of these subpoenas.

Confirming their representation and acceptance of third-party discovery requests, on March 8, 2017, Aqua-Leisure's counsel emailed Plaintiffs' counsel, stating that they were "working on [deposition] dates and documents for Peter Santaw, Michelle Hoffman and ***Lorraine Thourot***." **Exhibit E**. (emphasis added). Following attempts to schedule a date for Lorraine Thourot's deposition, on March 10, 2017, Aqua-Leisure's counsel advised Plaintiffs' counsel that they "had thought that Lorraine Thourot would go on 3/23, **but she has now not been responsive**." **Exhibit F** (emphasis added). Eventually, Aqua-Leisure's counsel advised SwimWays that they would have to serve Lorraine Thourot directly and, on March 20, 2017, provided her full contact information and permission to contact her. *See* **Exhibit G**.

On March 20, 2017, just days before she was scheduled to be deposed, Plaintiffs' counsel had a telephone conversation with Ms. Thourot and made several shocking discoveries. First, Ms.

Thourot had "never heard of, been called or contacted by, or received any materials or documents from Mintz, Levin, Cohn, Ferris, Glovsky and Popeo P.C. or any individual claiming to be associated with Mintz, Levin…." Lorraine Decl. **Exhibit H**, at ¶ 5. In fact, Ms. Thourot was only contacted by Aqua-Leisure once regarding the instant suit, *weeks after* Aqua-Leisure's counsel originally asserted that they represented Ms. Thourot. *See id.* at ¶ 6. On March 9, 2017, Ken Meewes, Aqua-Leisure's Chief Financial Officer, called Ms. Thourot, offering to pay her legal fees in exchange for her cooperation—an offer which Ms. Thourot promptly declined. *See id.* Prior to this phone call, Ms. Thourot had no knowledge whatsoever of the instant suit. *See id.* at ¶ 7. Inexplicably, Plaintiffs' counsel's March 20, 2017 phone call to Ms. Thourot was the very first time an attorney contacted her in relation to the instant suit. *Id.* at ¶ 8. Despite their representations to the contrary, neither Aqua-Leisure nor its counsel ever informed Ms. Thourot of Plaintiffs' notice of deposition or *subpoena duces tecum*. *Id*.

Furthermore, in his deposition, while he said he did not have any documents related to this case, Peter Santaw testified that he had never seen or been provided a copy of his *subpoena duces tecum*.[4]

As noted, Plaintiffs have not received *any* documents from *any* of the Third-Party Witnesses in response to the subpoenas. Given the above, it is entirely unclear what efforts, if any, Aqua-Leisure's counsel took to contact the Third-Party Witnesses and to perfect service of subpoenas and notices issued to individuals that Aqua-Leisure's counsel expressly claimed to represent in the instant matter.

---

[4] Because of Defendant's designation of the entire March 22, 2017 deposition of Peter Santaw "Outside Counsel Eyes Only", Plaintiffs', out of an abundance of caution, are forced to paraphrase Mr. Santaw's testimony. Upon request of the Court, Plaintiffs' will provide a copy of the relevant page and lines of the testimony (21:8–14), for in camera review.

5

## II. ARGUMENT

### A. SwimWays is Entitled to Fees and Sanctions Because Defendants Have Violated the Court's Orders and Deadlines

Local Civil Rule 37 requires the party objecting to another party's failure to comply with an order on a discovery motion to bring "a proper motion for supplementary relief pursuant to Fed. R. Civ. P. 37." Rule of Civil Procedure 37 permits a party to move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37(a)(1). In addition, Rule 37 empowers this Court to sanction a party for violating any such order. Fed. R. Civ. P. 37(b)(2); *see also Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 763 (E.D. Va. 2014) (Rule 37(b) "governs sanctions for not obeying a discovery order."). Specifically, Rule 37(b)(2)(A) provides: "If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A) (listing remedies). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### i. The Court Should Grant Plaintiffs' Previous Request for Attorneys' Fees, Which Were Taken Under Advisement

"When a motion to compel is granted, the burden is on the opposing party to show that an award of costs would be unjust or that the opposing party's position was substantially justified." *McConnell v. Griffith*, No. CIV.A. 5:08-CV-113, 2009 WL 2378674, at *2 (N.D.W. Va. July 31, 2009) (citing *Rickles*, 33 F.3d at 787). The Court previously took Plaintiffs' request for attorneys' fees in relation to its second motion to compel "under advisement pending the production directed by this Order." (ECF No. 50). As previously discussed, Aqua-Leisure violated the Court's order

and produced thousands of documents subject to the Court's March 17, 2017 deadline over five productions between March 27, 2017 and March 31, 2017. These productions were made late at night and typically just prior to a deposition for which the information would be useful or after the conclusion of the depositions entirely. Aqua-Leisure has made clear its intention to not properly or appropriately participate in the discovery process. Therefore, the Court should grant Plaintiffs' request for attorneys' fees as requested in Plaintiffs' second motion to Compel.

### ii. The Court Should Order Defendant to Pay Plaintiffs' Reasonable Expenses Related to the Filing of this Motion for Sanctions, as Defendant's Failure to Abide by the Court's Order Was Not Substantially Justified

Rule 37(b)(2)(C) provides: "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, Defendant's failure was not substantially justified, and, therefore, Plaintiffs' are entitled to recover their reasonable expenses, including attorneys' fees.

Under Rule 37(b)(2)(C), "a party's disobedience is 'substantially justified' when 'there is a genuine dispute' as to proper resolution or if 'a reasonable person could think [his disobedience] correct, that is, if it has a reasonable basis in law or fact.'" *Rogler v. Fotos*, No. CV WDQ-14-228, 2016 WL 264912, at *3 (D. Md. Jan. 21, 2016), *aff'd*, No. 16-1323, 2016 WL 4501957 (4th Cir. Aug. 29, 2016) (quoting *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x 586, 599 (4th Cir. 2009)) (alterations in original). No reasonable person could think that producing thousands of documents subject to a court ordered deadline more than a week after that deadline passed, both during and after depositions, was correct. Here, Aqua-Leisure sought, and Plaintiffs agreed to, a one-day extension due to unforeseen weather conditions. (*See* ECF No. 54.) However, in

7

discussions with Plaintiffs' counsel regarding the need for that additional day, Aqua-Leisure failed to mention that there would be additional delays or to expect production *after* the agreed upon extension. It was not until Plaintiffs' counsel was conducting depositions of Defendant's witnesses that Aqua-Leisure even mentioned that additional productions were planned. Pressed for details, Aqua-Leisure could only say that additional productions were forthcoming, but either could not or would not provide details regarding the substance or timing of those productions. *See* **Exhibit I**, Email from R. Maidman, March 27, 2017 at 12:24pm.

Similarly, no reasonable person could think that Aqua-Leisure's counsel's failure to perfect service of Plaintiffs' *subpoena duces tecum* and notice of deposition on at least Ms. Thourot was correct. Aqua-Leisure's counsel's misleading statements to Plaintiffs regarding their communications and representation of Ms. Thourot call into question the veracity of Aqua-Leisure's efforts throughout this discovery period.

Therefore, Plaintiffs respectfully request that the Court order Aqua-Leisure and/or Aqua-Leisure's counsel to pay the expenses and fees incurred by Plaintiffs in bringing this Motion for Sanctions.

### iii. Additional Sanctions are Justified Because Aqua-Leisure Repeatedly Violated the Court's Orders

Aqua-Leisure has repeatedly failed to meet its discovery obligations and has repeated failed to obey the Court's Orders enforcing the same. Despite the Court's direct and unequivocal Orders, Aqua-Leisure made five belated productions of thousands of documents specifically covered under the Court's March 9, 2017 Order. Aqua-Leisure's violations of the Court's Orders have caused undue prejudice to Plaintiffs for numerous reasons. Plaintiffs have incurred, and will continue to incur, costs associated with re-deposing Defendant's witnesses in light of the belated productions, which requires travel to and from Boston, as well as bringing the instant Motion for Sanctions.

These costs are in addition to the fees and costs already incurred related to the second motion to compel, the award of which was taken under advisement. (*See* ECF No. 50.) Aqua-Leisure should not be allowed to violate the Court's Orders, at great expense and hardship to Plaintiffs, without consequence.

Under Rule 37(b)(2)(A), this Court is empowered to issue further orders based on Aqua-Leisure's repeated violations of the Court's orders, including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

In determining which sanctions to impose under Rule 37, the Fourth Circuit has set forth the following four factors for a district court to evaluate: "'(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Law Enf't All. of Am., Inc. v. USA Direct, Inc.*, 61 F. App'x 822, 830 (4th Cir. 2003) (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)). Importantly, "*Anderson* does not require a finding of bad faith before discovery sanctions can be awarded and to hold otherwise would be at odds with Rule 37(c)(1)'s plain language, which contains no such requirement." *Id.* at 831. Here, all four factors weigh towards the imposition of harsh sanctions.

### a. Aqua-Leisure Has Demonstrated Bad Faith

Aqua-Leisure's bad faith can be seen through its repeated violations of the Court's Orders, the belated productions, which were made well after the Court's March 17, 2017 deadline, and the deliberate misrepresentations made to Plaintiffs' Counsel regarding the legal representation of the Third-Party Witnesses such as Lorraine Thourot.

For example, and as discussed above, despite their representations to the contrary, neither Aqua-Leisure nor its counsel ever informed Ms. Thourot of Plaintiffs' notice of deposition or *subpoena duces tecum*. These failures by Aqua-Leisure and Aqua-Leisure's counsel demonstrate bad faith and, as such, this first factor strongly weighs towards the imposition of sanctions.

### b. The Three Remaining Factors Also Weigh Towards the Imposition of Sanctions

The remaining factors are: "(2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" *Law Enf't All. of Am..*, 61 F. App'x at 830 (quoting *Anderson*, 155 F.3d at 504). Here, Aqua-Leisure's noncompliance with the Court's March 17, 2017 deadline has caused Plaintiffs significant prejudice—Aqua-Leisure's delay prohibited Plaintiffs from reviewing the belated productions prior to the start of depositions. Further, Aqua-Leisure has demonstrated, through its repeated violations of the Court's orders and repeated failures to properly participate in discovery, that the need for deterrence is high—otherwise, Aqua-Leisure can only be expected to continue acting in the same manner. Therefore, the factors highlighted by the Fourth Circuit strongly show that the Court should grant sanctions here.

To date, Plaintiffs have not received a single document pursuant to their February 24, 2017 notices of deposition and *subpoenas duces tecum* to the Third-Party Witnesses, and it is wholly unclear whether Aqua-Leisure or its counsel has so much as lifted a finger to comply with these

discovery orders. Plaintiffs only discovered Aqua-Leisure's counsel's false and misleading statements regarding their representation of Lorraine Thourot through their own investigation just days before Ms. Thourot was scheduled to be deposed. These facts weigh in favor of imposing sanctions.

### III. CONCLUSION

Plaintiffs respectfully request, based on Aqua-Leisure's repeated violations of the Court's discovery orders and demonstrated bad faith, that the Court (i) grant this Motion for Sanctions, (ii) grant Plaintiffs leave to re-depose witnesses based on Aqua-Leisure's belated production, (iii) award Plaintiffs their fees and costs associated with this motion, as well as their fees for their second motion to compel, which were taken under advisement by the Court, (iv) order Aqua-Leisure to pay all costs and attorneys' fees incurred by Plaintiff in re-opening and re-taking depositions of Defendant's witnesses in light of the belated production, and (v) order Aqua-Leisure's counsel to provide Plaintiffs a summary sheet documenting all steps taken by Aqua-Leisure's counsel to perfect service of Plaintiffs' *subpoenas duces tecum* and notices of deposition on each Third-Party Witness and to find documents identified by each of Plaintiffs' *subpoenas duces tecum*.

Dated: April 14, 2017

Respectfully submitted,
SWIMWAYS CORPORATION and
KELSYUS LLC

By: ___/ s /_Michael B. Steele_____
    Michael B. Steele
    Virginia State Bar No. 77356
    Counsel for Plaintiffs
    WILLIAMS MULLEN, P.C.
    222 Central Park Avenue, Suite 1700
    Virginia Beach, VA 23462
    Telephone: (757) 499-8800
    Facsimile: (757) 473-5316
    msteele@williamsmullen.com

Craig L. Mytelka
Virginia State Bar No. 31652
Alexandra M. Gabriel
Virginia State Bar No. 89185
Counsel for Plaintiffs
WILLIAMS MULLEN, P.C.
222 Central Park Avenue, Suite 1700
Virginia Beach, VA 23462
Telephone: (757) 499-8800
Facsimile: (757) 473-0395
cmytelka@williamsmullen.com

Joshua B. Brady
Virginia State Bar No. 72757
Counsel for Plaintiffs
WILLIAMS MULLEN, P.C.
8300 Greensboro Drive, Suite 1100
Tysons Corner, VA 22102
Telephone: (703) 760.5249
Facsimile: (703) 748.0244
jbrady@williamsmullen.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of April, 2017, I electronically filed the foregoing Plaintiffs' Memorandum in Support of the Motion to Compel with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all attorneys of record:

>Alan D. Albert, Esq.
>LeClairRyan, A Professional Corporation
>999 Waterside Drive, Suite 2100
>Norfolk, VA 23510
>alan.albert@leclairryan.com
>
>H. Joseph Hameline, Esq. (admitted *pro hac vice*)
>Richard Maidman, Esq. (admitted *pro hac vice*)
>Mintz, Levin, Cohn, Ferris, Glovsky, & Popeo, P.C.
>One Financial Center
>Boston, MA 02111

>By: ___/ s /_ *Michael B. Steele*_____
>Michael B. Steele
>Virginia State Bar No. 77356
>Counsel for Plaintiffs
>WILLIAMS MULLEN, P.C.
>222 Central Park Avenue, Suite 1700
>Virginia Beach, VA 23462
>Telephone: (757) 499-8800
>Facsimile: (757) 473-5316
>msteele@williamsmullen.com