IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

SWIMWAYS CORPORATION, ET AL.,

    Plaintiffs,

                                CIVIL NO. 2:16cv260

v.

AQUA-LEISURE INDUSTRIES, INC.,

    Defendant.

## OPINION AND ORDER

On June 29, 2017, the parties appeared before the Court for a final pretrial conference. During the hearing, the Court addressed several pending matters, including Aqua-Leisure Industries, Inc.'s ("Defendant") Amended Motion for Summary Judgment ("Motion"). ECF No. 117. For the reasons stated at the hearing and for those set forth below, Defendant's Motion is **DENIED**.

### I. PROCEDURAL HISTORY

On June 9, 2017, Defendant filed an Amended Motion for Summary Judgment and supporting memorandum ("Def. Br.").[1] ECF Nos. 117, 118. In the Motion, Defendant asks the Court to enter an order (1) barring Plaintiffs from asserting claims based on direct import sales by Greyland Trading Limited ("Greyland") to retail store customers or attributing those sales to Defendant ("Issue One"); (2) dismissing all claims of infringement against the Hex Chair ("Issue Two"); (3) dismissing all claims of infringement against the 2-in-1 recliner ("Issue Three"); (4) dismissing all claims against the current version of the recliner ("Issue Four"); (5) declaring

---

[1] Defendant previously filed a motion for summary judgment with respect to non-patent issues on May 10, 2017. ECF No. 66. By Consent Order entered by Magistrate Judge Douglas E. Miller, Defendant was granted leave to file a single amended motion for summary judgment addressing both non-patent and patent issues. June 8, 2017 Order, ECF No. 116.

1

Claims 21 and 23 of the '540 Patent to be invalid ("Issue Five"); and (6) dismissing all claims against the "Mesh Lounge" style products ("Issue Six"). ECF No. 118 at 29–30. On June 23, 2017, Plaintiffs Swimways Corporation and Kelsyus LLC ("Plaintiffs") filed a response in opposition to Defendant's Motion ("Response"). ECF No. 163. On June 27, 2017, Defendant filed a rebuttal memorandum. ECF No. 217.

On June 29, 2017, the parties appeared for a final pretrial conference. See ECF No. 229. During the conference, the Court advised the parties that it had decided every issue raised in Defendant's Motion except for Issue Five. Accordingly, the Court heard argument from both parties only on that issue and took Defendant's Motion with respect to same under advisement.

## II. LEGAL STANDARD

Defendant moves for summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure ("Rule 56(c)"). Rule 56(c) provides that granting summary judgment is appropriate where the record demonstrates "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of informing the court of "the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrates the absence of a genuine material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The party opposing the motion must point to an evidentiary conflict created on the record; mere denials or conclusory statements are insufficient." SRI Int'l v. Matsushita Elec. Corp. of Am., 775 F.2d 1107, 1116 (Fed. Cir. 1985).

In reviewing a summary judgment motion, a court "must draw all justifiable inferences in favor of the nonmoving party." United States v. Carolina Transformer Co., 978 F.2d 832, 835 (4th Cir. 1992) (citing Anderson v. Liberty, Inc., 477 U.S. 242, 255 (1986)). However, a mere

2

scintilla of evidence will not preclude summary judgment. Anderson, 477 U.S. at 251 (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). In turn, an issue is genuine if there is sufficient evidence for a reasonable trier of fact to decide in favor of the nonmoving party. Anderson, 477 U.S. at 248. The court "does not assess the credibility or weigh the evidence, but simply determines whether there is a genuine factual issue for trial." House v. Bell, 547 U.S. 518, 559–60 (2006).

With respect to patent litigation, the Federal Circuit has explained that "[s]ummary judgment of non-infringement requires a two-step analytical approach." Pitney Bowes, Inc. v. Hewlett-Packard Co., 182 F.3d 1298, 1304 (Fed. Cir. 1999). First, the patent claims must be construed to determine their scope, which is a question of law. Id. (citing Carroll Touch, Inc. v. Electro Mechanical Sys., Inc., 15 F.3d 1573, 1576 (Fed. Cir. 1993). Second, "a determination must be made as to whether the properly construed claims read on the accused device," which is a question of fact. Id. "Because . . . infringement is itself a fact issue, a district court must approach a motion for summary judgment of infringement or non-infringement with a care proportioned to the likelihood of its being inappropriate." SRI Int'l, 775 F.2d at 1116.

## III. DISCUSSION

### A. BENCH RULINGS

As stated from the bench on June 29, 2017, the Court **DENIED** Defendant's Amended Motion for Summary Judgment with respect to the following issues:

#### Issue One

Defendant asks the Court to dismiss any claims concerning sales by third-party Greyland in this case. ECF No. 118 at 14. Defendant argues that Plaintiffs' expert improperly included "direct import sales" by Greyland in her damages report because Defendant did not make those

3

sales nor did it profit from those sales. Id. at 12. Defendant further argues that Plaintiffs did not bring a claim against Greyland and that it should therefore be barred from doing so "through any indirect means." Id.

The Court finds that there is a dispute of material fact with respect to the connection, if any, between Defendant and Greyland's sales of accused products. Therefore, whether any of Greyland's sales are attributable to Defendant or otherwise relevant to Plaintiffs' damages calculation is a genuine factual issue for trial, and summary judgment on this issue is improper.

### Issue Two

Defendant seeks summary judgment on Plaintiffs' infringement claims against the Hex Chair on the grounds that the chair does not have a "back support portion" as claimed by Claim 1 of the '640 Patent. ECF No. 118 at 14. In support, Defendant argues that the Hex Chair's inflatable member lacks any "additional support" that is "distinct [from] and in addition to" the inflatable member that could constitute a "back support portion." Id. at 17.

The Court finds that Defendant's argument with respect to Issue Two is premised on an incorrect claim construction that has already been rejected by this Court. See April 24, 2017 Markman Order, ECF No. 63 at 7 (rejecting Defendant's limiting construction requiring the back support portion to be a "separate" member); id. at 14 ("The plain and ordinary meaning of 'portion' is a part of a larger whole. . . . [A] 'back support portion' can mean a portion of the 'back support member' or it can mean a portion of the larger apparatus."). For this reason, Defendant's Motion with respect to this issue must be denied.

### Issue Three

Defendant seeks dismissal of all infringement claims against the 2-in-1 recliner, arguing that it does not infringe any of the three asserted patents in this case. ECF No. 118 at 21-25.

a.  Alleged Non-Infringement of the '888 Patent

With respect to the '888 Patent, Defendant argues that Plaintiffs' infringement claim is incorrectly premised on a "deconstructed" version of the recliner, that is, one with separated hinges. ECF No. 118 at 20 (citing Reinholtz Infringement Report, Maidman Declaration, ECF No. 119, Exhibit J at E-122-46). However, the Court finds that there is a genuine issue of material fact regarding the intended design of the 2-in-1 recliner, specifically, whether attaching the backrest cushion is optional. This depends on the facts as shown at trial. Therefore, summary judgment on this issue is improper.

b.  Alleged Non-Infringement of the '640 Patent

With respect to the '640 Patent, Defendant argues that the 2-in-1 recliner lacks three elements claimed by Claim 1: (1) a "back portion" of the mesh membrane; (2) a "back support portion" of the inflatable member; and (3) a user "collectively supported by the back portion of the mesh membrane and the back support portion of the inflatable member." ECF No. 118 at 21–23.

First, Defendant claims that the "back portion" must be the same as the "back support portion," which Defendant claims lacks mesh material. Id. at 22. Here, again, Defendant relies on an incorrect claim construction that has already been rejected by this Court. See April 24, 2017 Markman Order, ECF No. 63 at 7, 14. The plain and ordinary meaning of the word "portion" does not require that a "back portion" of mesh and a "back support portion" of the device to be the same thing. Therefore, the premise of Defendant's first argument fails.

Second, Defendant argues that the "back support portion" must be included in the inflatable member; that is, it cannot be a "separate part of the device." Id. at 23. Here, too, Defendant's argument is premised on an overly-limiting claim construction that has already been rejected by the Court. See Markman Order, ECF No. 63 at 14 ([A] 'back support portion' can

mean a portion of the 'back support member' <u>or it can mean a portion of the larger apparatus</u>.") (emphasis added). Therefore, Defendant's second argument also fails.

Third, Defendant relies on its first premise, above, to argue that because there is no "back portion" of the mesh membrane on the 2-in-1 recliner, the user is not "collectively supported by the back portion of the mesh membrane and the back support portion of the inflatable member" as recited in Claim 1. ECF No. 118 at 23. Defendant also argues that, even if there is a back portion, it does not support the user. Id. The Court has already rejected Defendant's premise with respect to the "back portion" of the mesh membrane. The Court further finds that there is a genuine issue of material fact concerning which elements of the 2-in-1 recliner "collectively support" the user. Therefore, summary judgment on this issue is improper.

    c.    <u>Alleged Non-Infringement of the '540 Patent</u>

Finally, Defendant argues that summary judgment on the non-infringement of the 2-in-1 recliner is also appropriate with respect to Claims 21 and 23 of the '540 Patent. ECF No. 118 at 24. First, Defendant argues that the recliner cannot infringe Claim 21 because it lacks a "back support portion" of the panel and because the inner portion of the panel is not "substantially planar." ECF No. 118 at 24. Second, Defendant argues that the 2-in-1 recliner cannot infringe Claim 23 because it lacks a "back support portion" of the panel and because no mesh material is disposed "at least between the back support portion and a support portion defined by the panel." Id. at 25. To the extent Defendant's arguments are premised on the incorrect limiting construction of "back support portion" as requiring "separateness," the Court has already rejected them. See supra at 4. Furthermore, the Court agrees with Plaintiffs that Defendant's assertion that "substantially planar" must mean totally flat is belied by the plain and ordinary meaning of the phrase. Resp., ECF No. 163, at 19. At the very least, there is a genuine issue of material fact as to whether the inner portion of the panel in the 2-in-1 recliner is "substantially

planar" as required under Claim 21. Likewise, Defendant has not met its burden to show that there is no genuine issue of material fact about whether the mesh material in the 2-in-1 recliner is disposed in the fashion recited by Claim 23. Therefore, and consistent with the Federal Circuit's guidance, the Court finds that these infringement questions are appropriately reserved for the jury. SRI Int'l, 775 F.2d at 1116.

### Issue Four

Defendant's Motion also asks the Court to dismiss all claims against the "current" or "redesigned" versions of the recliner float that is the subject of Exhibit A to the parties' 2014 Settlement Agreement. ECF No. 118 at 28–29. In support, Defendant claims that it adjusted the design of the recliner during the pendency of this case to eliminate the alleged problem that was identified by Plaintiffs during discovery. Id. at 29.

However, a summary judgment motion is not the appropriate vehicle for the relief sought by Defendant here. As Plaintiffs correctly point out in their Response, this case does not involve any asserted claims or counterclaims related to Defendant's "redesigned" recliner. Resp., ECF No. 163, at 23. The Court cannot enter judgment on a claim that is not asserted in any of the pleadings. Wildfire Grp., LLC v. Prime Ins. Co., No. 2:12-cv-847, 2015 WL 10015378, at *6 (M.D. Ala. Sept. 22, 2015) (citing Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)), report and recommendation adopted, No. 1:12-cv-847T, 2016 WL 540797 (M.D. Ala. Feb. 9, 2016). Nor can Defendant add a counterclaim for declaratory judgment through a summary judgment motion. Id. For this reason, Defendant's Motion with respect to Issue Four is denied.

### Issue Six

Defendant also seeks summary judgment dismissing all claims against Defendant's

"Mesh Lounge" style products. See ECF No. 118 at 6, 32. However, as with the "redesigned" recliner discussed above, there are no pending claims or counterclaims alleging the infringement (or non-infringement) of any mesh loungers in this case. Therefore, the Court must deny Defendant's Motion with respect to Issue Six on the grounds that it seeks relief that cannot be granted under Rule 56(c).

### B. Issue Five

The final issue now before the Court is Issue Five of Defendant's Motion, which argues that Claims 21 and 23 of the '540 Patent are invalid as anticipated by prior art, specifically, the '344 Patent. ECF No. 118 at 25–27. In support of its argument, Defendant focuses on two key points addressed by Plaintiffs' expert, Mr. Reinholtz, with respect to these invalidity claims: (1) that the '344 Patent does not teach an apparatus "configured to support a user in a seated position," and (2) that the '344 Patent does not teach a "back support member." ECF No. 118 at 26. Defendant refutes both claims, arguing that "there is no real distinction between what is disclosed in the '344 Patent and Claims 21 and 23 of the '540 Patent." Id. at 28. Specifically, Defendant points to Figure 4 in the '344 Patent to show that the pillow section is "at least as much of a back support as the [accused] Hex Chair" and the 2-in-1 recliner. Id. (citing Maidman Decl., ECF No. 119 at Exhibit L). Defendant further argues that the device claimed in the '344 Patent is "configured to support a user in the same manner as the '540 Patent." Id. at 27–28.

However, the specification and claims of the '344 Patent exclusively contemplate and depict the use of the device in a prone position. See Maidman Decl., ECF No. 119 at Ex. L. For example, the specification specifically refers to the pillow as "buoyant support for the user's head"—not for the user's back or midsection. Id. at 2:1–2. The specification also discusses the goals of (1) accommodate[ing] the user's head and (2) "prevent[ing] the user's head from sinking

below the rest of the user's body," neither of which would be concerns if the device were configured to be used in a seated position. See id. at 3:19–25. Furthermore, as a practical matter, upon review of the Figures depicted in the '344 Patent, using the "pillow section" as a backrest would likely cause the oblong floats to flip or fold. Id. at Figs. 1–9. Regardless, the mere <u>potential</u> to use the device while in a seated position does not prove by clear and convincing evidence that the '344 Patent apparatus is "configured to support a user in a seated position" or that it requires a "back support portion" as Defendant suggests.

For these reasons, the Court finds that Defendant failed to prove by clear and convincing evidence that Claims 21 and 23 of the '540 Patent are invalid in light of the '344 Patent. See DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245, 1252 (Fed. Cir. 2014) ("Invalidity by anticipation must be proven by clear and convincing evidence.") (citation omitted). Accordingly, Defendant's Amended Motion for Summary Judgment with respect to Issue Five is hereby **DENIED**.

## IV. CONCLUSION

Defendant's Amended Motion for Summary Judgment is **DENIED**. ECF No. 117.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, VA
June 30, 2017