UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| SWIMWAYS CORPORATION, | ) |
| and | ) |
| KELSYUS LLC, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 2:16-cv-260 |
| AQUA-LEISURE INDUSTRIES, INC., | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

This memorandum order addresses Plaintiff Swimways Corporation's Amended Motion for Attorneys' Fees, filed on June 26, 2017. (ECF 180.) Plaintiff requests fees and costs related to preparing and completing: (1) a Motion to Compel (ECF No. 43), and (2) a Motion for Sanctions (ECF No. 61.) For the reasons stated on the record, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, this court granted the Plaintiff's Motion to Compel after a hearing on March 9, 2017, ordering Defendant Aqua-Leisure Industries, Inc. to make certain disclosures by March 16, 2017. (ECF No. 50.) Defendant failed to comply with the court's order. Accordingly, Plaintiff filed a Motion for Sanctions on April 14, 2017. (ECF 61-62). Following a second hearing by telephone, the court granted attorney's fees under Rule 37(a)(5)(A), holding that Defendant's failure to timely produce documents was not substantially justified and Plaintiff was prejudiced as a result. (ECF 92.) Plaintiff thereafter filed an Amended Memorandum in Support of its Motion for Attorneys' Fees detailing the costs and fees associated with filing and drafting the aforementioned motions. (ECF 181.) Defendant submitted its response on July 3,

1

2017 (ECF 114.) This court, after reviewing the parties' briefing and exhibits, for the reasons set forth below, concludes that Plaintiffs are entitled to attorneys' fees and costs of $8,600.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(a) governs the payment of attorney's fees and expenses in discovery disputes. Specifically, Rule 37(a)(5)(A) provides that, if the court grants a motion to compel discovery, "the court *must* . . . require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The award of expenses is mandatory unless one of Rule 37(a)(5)(A)'s three enumerated exceptions applies: "(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

An award of expenses under Rule 37(a)(5)(A) must be reasonable. *Id.* The court evaluates the reasonableness of attorney's fees by first determining the "lodestar" figure, which is defined as "a reasonable hourly rate multiplied by hours reasonably expended." Grissom v. Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008). In determining what constitutes a reasonable billing rate and number of hours, the Fourth Circuit has directed courts to consider twelve factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243-44 (4th Cir. 2009).[1] The lodestar method generates a presumptively reasonable fee. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 564 (1986). It is within the court's discretion, however, upon consideration of the lodestar factors, to adjust the lodestar figure up or down. *Lyle v. Food Lion, Inc.*, 954 F.2d 984 (4th Cir. 1992). When requesting attorneys' fees, "[t]he moving party has the burden of 'establishing the reasonableness of the requested amount both by showing the reasonableness of the rate claimed and the number of hours spent.'" *Rutherford Controls Int'l Corp. v. Alarm Controls Corp.*, No. 3:08cv369, 2009 WL 4015357 2009, at *2 (E.D. Va. Nov. 17, 2009) (citations omitted).

## DISCUSSION

### A. An Award of Attorney's Fees Is Proper Because Federal Rule of Civil Procedure 37(a)(5)(A) Is Satisfied.

#### a. *Plaintiff Attempted in Good Faith to Resolve the Dispute at Hand Before Filing This Motion to Compel*

Before filing its Motion to Compel, Plaintiff made a good faith effort to obtain requested discovery materials from the Defendant. On November 9, 2016, Plaintiff served Defendant with a Discovery Request. (ECF No. 44, Ex. A.) Defendant's response to the Discovery request was due December 12, 2016. (*Id.*) Defendant responded with objections and responses on November 28, 2016, but produced no documents by the December 12 deadline.[2] (ECF no. 44 at 3; *Id.*, Ex. B, C at 2.) Defendant produced some responsive material beginning December 19, 2016, but only produced substantive documents beginning in February 2017, after which

---

[1] The factors are sometimes called the "*Johnson* factors," first established in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), *abrogated on other grounds by Blanchard v. Bergeron,* 489 U.S. 87 (1989).

[2] Defendant, however, did not specifically state that it was withholding documents pursuant to Federal Rule of Civil Procedure 34(b)(2)(c). (*See generally* ECF No. 44, Ex. B.)

3

document production remained deficient. (*See* ECF No. 44 at 3; *Id.*, Ex. D; *Id.*, Ex. G at 5.) Plaintiff filed the Motion to Compel on February 23, 2017. (ECF No. 44.)

Because the record is replete with instances of Plaintiff attempting to confer with Defendant about deficiencies in discovery, it is unnecessary to detail all the evidence of Plaintiff's good faith. (*See, e.g., Id.*, Ex. C – G). It suffices to say that, for approximately ten weeks following December 12, Plaintiff repeatedly attempted to resolve the discovery issues before filing its Motion to Compel. (*See, e.g., Id.*, Ex. C – G). For instance, on December 19, 2017, Plaintiffs sent a letter to Defendant, discussing the insufficiency of Defendant's objections and asking to meet and confer. (*Id.*, Ex. C at 3.) Throughout January and February 2017, still with no substantial production from Defendant, Plaintiff endeavored to schedule a Meet and Confer, and more than once extended Defendant the opportunity to comply (*Id.*, Ex. E at 3; *Id.*, Ex. G at 1.) Plaintiff's efforts to resolve the case before turning to the court for relief were more than sufficient. This court, therefore, concludes that Plaintiff did make a good faith effort to resolve the dispute before filing the Motion to Compel.

### b. *Defendant's Failure to Respond to Plaintiff's Discovery Request Was Not Substantially Justified.*

Federal Rule of Civil Procedure 37(a)(5)(A)(ii) prohibits courts from imposing attorney's fees on a party who failed to comply with discovery procedure if its nondisclosure was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). "A party satisfies the 'substantially justified' standard 'if there is a genuine dispute as to proper resolution or if a reasonable person could think that the failure to produce discovery is correct, that is, if it has a reasonable basis in law and fact." *Sky Cable, LLC v. Coley*, No. 5:11CV00048, 2015 U.S. Dist. LEXIS 106393, at *8 (W.D. Va. Aug. 12, 2015). Here, Defendant failed to comply with its obligation to timely

4

respond to Plaintiff's discovery requests, and there is no "genuine dispute" which justifies their nondisclosure. The court acknowledges that Defendant objected to Plaintiff's discovery requests. (ECF No. 44, Ex. B.) Defendant, however, neither stated specific objections, nor that it was withholding documents because of its objections as required by Federal Rule of Civil Procedure 34 and Local Rule 26(c). (*Id.*)

As noted above, Defendant produced some responsive documents beginning December 19, 2016, but only produced substantive documents in February 2017. (*See* ECF No. 44 at 3; *Id.*, Ex. D; *Id.*, Ex. G at 5.) As justification, in its opposition brief to Plaintiff's subsequent Motion to Compel, Defendant argued, in short, that several of Plaintiff's production requests were for irrelevant material, that the scope of Plaintiff's requests was disproportionate to the case, and that the court should deny the Motion because Defendant was in the process of completing document production. (*See* ECF No. 48.) But at the hearing on the original Motion to Compel, it became clear that email records from certain custodians had not been examined, much less produced. The court granted Plaintiff's Motion, ordering Defendant to comply with Plaintiffs' requests by March 17, 2017.[3] But Defendant still failed to comply with this extended deadline.[4] (*See* ECF No. 64.) Indeed, after Plaintiff filed a Motion for Sanctions for Defendant's failure to produce all required documents by March 17, Defendant conceded in its brief opposing sanctions, that it disclosed 1,183 documents on March 17, but also disclosed thousands of additional documents late, between March 27 and April 20, many on the very evening before a custodian was to be deposed. (*Id.* at 3-4; ECF No. 62 at 2-3; *Id.*, Ex. A; *Id.*, Ex. E.)

---

[3] In the March 9, 2017 order, the court took the request for fees under advisement, pending the production directed by the Order. (ECF No. 50.)

[4] The court acknowledges both parties agreed to extend the deadline by one day from the original March 16, 2017 deadline, due to a snowstorm which hindered Defendant's ability to deliver the materials on time. (ECF No. 52.)

Defendant's claim that it diligently complied with discovery, (ECF No. 64), is thus belied by the record. Defendant has offered no substantial justification for its *repeated* failure to comply with discovery, months after the original deadline and after this court granted Plaintiff's Motion to Compel and ordered additional production. *See Sky Cable, LLC*, 2015 U.S. Dist. LEXIS 106393, at *8.

### c. *No Other Circumstances Make an Award for Expenses Unjust.*

There is no evidence on the record that would render an award of attorney's fees unjust. First, but for Defendant's noncompliance, Plaintiff would not have filed a Motion to Compel, let alone the Motion for Sanctions—Plaintiff extended Defendant numerous chances to comply before turning to this court for relief. (*See, e.g., Id.*, Ex. C – G). Defendant's counsel observes that Defendant is a small company, that Plaintiff's requested discovery was large in scope, and that Plaintiff has had made discovery unnecessarily complex. (ECF No. 48; ECF No.64.) But both parties are represented by experienced counsel, and, as Defendant has consistently pointed out, neither party is a stranger to litigation. Defendant had nearly three months to comply with discovery before Plaintiff finally filed its Motion to Compel. In light of the above, the court finds that Plaintiff is entitled to reasonable attorney's fees.

### B. **Plaintiff is Not Entitled to the Full Amount Claimed in Completing its Motion to Compel and Motion for Sanctions.**

Although the court looks to all the lodestar factors, in connection with a discovery motion under Federal Rule of Civil Procedure 37, the first, second, third, fifth, ninth and twelfth factors are the most relevant. *See Flame S.A. v. Industrial Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 4809842 at *4 (E.D. Va. 2014). The court must consider the lodestar factors, but need not examine each one in exacting detail. *Stewart v. VCU Health System Authority*, No. 3:09CV738–

HEH, 2012 WL 1120755 at *2 (E.D. Va. 2012). Moreover, as implied *supra*, attorney fees ultimately rest within "the sound discretion of the [court], who is in the best position to determine whether, ... [and to what extent], they should be awarded." *Guidry v. Clare*, 442 F.Supp.2d 282, 295 (E.D. Va. 2006) (citations omitted).

### a. First, Second, and Third Factors: Time and Labor Expended, Novelty and Difficulty of the Questions, and the Skill Required to Properly Perform the Legal Services Rendered.

In support of its Amended Motion for Attorney's Fees, Plaintiff submitted an itemized statement of fees and an affidavit, indicating that, for a total of $38,560, seven attorneys and two paralegals spent 112.3 hours of billable time drafting, preparing for, or attending telephonic hearings on its Motion to Compel and Motion for Sanctions. (*See* ECF No. 181; *Id.*, Ex. 3.)[5] The work performed is detailed in time entries, alongside the paralegal or attorney who performed the work and the rates at which they billed. (*Id.*) Accounting for the types of motions involved and the complexity the issues, the court finds the amount of time expended was not reasonable.

Although Defendant prolonged the discovery process, Rule 37 does not permit parties to recover every cost associated with discovery review, much of which would have been incurred regardless of the noncompliance. Instead, Rule 37 requires an award of "reasonable expenses incurred in *making the motion*." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). The discovery motions in this case were not complex. The Defendant did not resist discovery on the basis of any claim of privilege or complicated issue associated with the case. Defendant simply did not

---

[5] Both parties submitted Motions to Seal the unredacted billing records to protect any attorney/client privilege which may exist in the descriptions of work performed. Although the entries do not reveal much of substance in connection with the legal strategy of the Plaintiff, they do contain details which may enjoy some measure of protection. *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402-03 (4th Cir. 1999). No party has objected to sealing despite notice. As a result, for the reasons stated in the motions (ECF No. 182 & 246), the unredacted billing records shall remain sealed (ECF No. 185, 186, & 245.)

7

fully respond. As a result, there is no reason why such extended periods of time – including the more expensive time of senior partners – would be necessary to file and argue such a straightforward discovery motion.

The court acknowledges that due to the specific nature of the prolonged discovery disputes, the Motions were somewhat factually involved. Nonetheless, at the most basic level, the discovery motions involved no complicated legal work. Defendant had a duty to comply with document production by December 12, 2016; it did not. Defendant also had a duty to comply with this court's discovery order by March 17, 2017; it did not. Under these circumstances, the 45.5 hours associates spent drafting a motion to compel is not justified. (ECF No. 181, Ex. 3 at 2-5.) Likewise, lead counsel on this case, an experienced senior associate, should not have required 8.8 hours to prepare for and attend a fifty-five minute telephonic hearing on the motion to compel, on top of an experienced partner taking 5.7 hours to prepare for and attend the same hearing. (*Id.* at 6.)

The hearing on the Motion to Compel was a telephone conference and required no travel time. (ECF No. 49.) Moreover, this record reflects a recurring problem in evaluating the reasonableness of attorney's fees. The associate who completed most of the drafting on the Motion to Compel recorded 30.4 hours preparing the briefs, but was not assigned to argue the motion. (ECF No. 186, Ex. 3 at 2-4.) Although all counsel were eventually well-prepared to argue the Motion, this preparation resulted from duplicate effort, which in the court's experience could have been avoided by delegating oral argument to the lead drafting attorney.. Accordingly, the court finds the amount of time spent on the Motion to Compel and Motion for Sanctions was not reasonable.

### a. Fifth, Ninth, and Twelfth Factors: Customary Fees for Like Work, the Experience, Reputation, and Ability of the Attorney, and Attorneys' Fees Awards in Similar Cases.

The court finds that the ninth factor – the experience and reputation of the attorneys – requires little examination. Each of the attorneys involved was a competent and skilled lawyer, employed by a large law firm litigating complex intellectual property matters. While that fact may support a higher than average rate, it also suggests that any of the lawyers involved in this case is more than capable of handling a Motion to Compel and related Motion for Sanctions without undue difficulty.[6]

As to the fifth factor, alongside Plaintiff's Memorandum in Support of Its Amended Motion for Attorney's Fees, Plaintiff submitted an affidavit from Plaintiff's counsel, claiming counsel's hourly fees are reasonable and consistent with similarly situated firms. (ECF No. 181, Ex. 1 at 2.) Plaintiff's original motion for attorney's fees made the same claim. (ECF No. 104 at 2.) Plaintiff's counsel's affidavit detailed billing rates between $250.00 and $590.00 per hour for attorneys, and between $220.00 and $225 per hour for paralegals. (ECF No. 181, Ex. 1 at 2.)

As an initial matter, it is appropriate for the court to consider the affidavit. The court may consider affidavits of local lawyers familiar with the skills of the fee applicants and the legal work in the relevant legal community. *Robinson*, 560 F.3d at 244. The court may also consider affidavits testifying to the applicants' *own* rates, skill, and experience. *Id.* (citing *Plyler v. Evatt*, 902 F.2d 273, 278 (4th Cir. 1990)). Although the court may consider Plaintiff's brief and affidavit, "[Plaintiff] must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award. *Robinson*, 560 F.3d

---

[6] Defendant observes, and the court takes note, that even the junior associate who expended the most time on the Motion to Compel was formerly a law clerk. It is reasonable to conclude that she is entirely capable of handling a routine discovery motion.

9

at 244. Standing alone, therefore, this court, in its sound discretion, finds that Plaintiff's brief and Plaintiff's counsel's affidavit are insufficient to establish that Plaintiff's listed hourly rates are a customary fee for like work in the Hampton Roads area. *See Lismont v. Alexander Binzel Corp.*, 47 F.Supp. 443, 459 (E.D. Va. 2014) (amount of a reasonable fee must be established by clear and convincing evidence). But Defendant's vague contentions that Plaintiff's counsel's fees are "quite high" for Hampton Roads are likewise not supported by any declarations or other evidence. (*See* ECF No. 244 at 6 n.2.)

Absent sufficient evidence, "the court may set a reasonable hourly rate based upon its own knowledge and experience." *Flame S.A. v. Industrial Carriers, Inc.*, No. 2:13-cv-658, 2014 WL 7185199 at *14 (E.D. Va. 2014) (citing *Rehab. Ass'n of Va., Inc. v. Metcalf*, 8 F.Supp.2d 520, 528 (E.D.Va.1998)) (determining that, for a similar discovery motion, hourly rates of $520 for a partner, $320-380 for various associates, and $125 for a paralegal were reasonable). Based on the foregoing, considering the lodestar factors, both parties' briefs, Plaintiff's affidavits, and the court's own knowledge, the court FINDS that an hourly rate of $450 for a partner, $275 for a junior associate, and $150 for a paralegal, are reasonable hourly rates. The court also FINDS that drafting and reviewing a Motion to Compel should have taken no more than eight hours of a junior associate's time, with two hours each for partner and paralegal editing and review. The court FINDS that the same reasonable time limits apply to the Motion for Sanctions. Finally, the court FINDS that no more than two hours of partner time should have been required to prepare for the two telephone hearings on the Motions to Compel and for Sanctions, all of which lasted less than an hour. In total, these considerations establish a lodestar figure of $8,600. Finding that figure reasonable in light of the nature of the dispute, the relief obtained, and all of the lodestar factors, the court need not adjust it further.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Attorney's Fees is GRANTED, and the court awards Plaintiff fees in the amount of $8,600.

IT IS SO ORDERED.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

July 31, 2017